PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARISA LEE NEIDER, | ) | CASE NO. 4:11CV00479 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Before the Court is Plaintiff Carisa Lee Neider's[1] ("Neider") objection to the Report and Recommendation of Magistrate Judge Kathleen B. Burke (ECF No. 17) recommending that the Court affirm the Commissioner of the Social Security Administration's decision denying Neider's application for Supplemental Security Income. ECF No. 18. As explained below, the Court affirms the Commissioner's decision denying benefits to Neider and adopts the Magistrate Judge's Report and Recommendation, to the extent it is not inconsistent with this Memorandum of Opinion and Order. Neider's objections are overruled.

**I. Background**

The Report and Recommendation sets forth the procedural history and evidence relied upon in great detail. ECF No. 17. Plaintiff does not challenge the descriptions of the procedural or factual history in her objections. In the interest of efficiency, the Court provides only a brief summary below.

---

[1] Plaintiff was formerly known as Carisa Lee Wray. ECF. No. 1.

(4:11CV00479)

Neider filed her application for Supplemental Security Income ("SSI") Benefits on July 24, 2007, alleging disability due to spondylolysis, high blood pressure, pancreatitis, gum disease, depression, diabetes, back fusion surgery, migraines, arthritis in neck and left knee, bloodclot disorder, back problems, neuropathy, and carpel tunnel syndrome.  ECF No. 12; (Tr. 70).  The application for SSI benefits was denied on November 28, 2007.  ECF No. 12; (Tr. 73).  Neider filed a request for reconsideration on January 14, 2008, which was subsequently denied on July 2, 2008.  ECF No. 12; (Tr. 79).  On August 1, 2008 Neider requested a hearing with an administrative law judge ("ALJ").  ECF No. 12; (Tr. 86).  ALJ Ronald A. Marks presided over the hearing conducted on July 13, 2009.  ECF No. 12; (Tr. 13).  On December 10, 2009, the ALJ issued an unfavorable decision in Neider's case.  ECF No. 12; (Tr. 13-22).  Neider requested the Appeal Council review the ALJ decision on December 30, 2009 (ECF No. 12; (Tr. 8)), but this request was denied on January 10, 2011, rendering the ALJ decision final.  ECF No. 12; (Tr. 1).

Neider filed an appeal with this Court, alleging the following:

1. The ALJ erred by not giving substantial deference to the opinions of the treating and consultative psychologists and psychiatrist of plaintiff.

2. The ALJ failed to consider the following impairments as severe: chronic pain, stenosis and vascular insufficiency.

3. The ALJ erred by not calling a Medical Expert to testify in person or by interrogatories, whether plaintiff equaled the Listings and to provide additional medical information including the effect of end organ damage on plaintiff ability to work.

4. The Vocational Expert's testimony is based on an incomplete hypothetical question posed by the ALJ and is not evidence of which the ALJ may rely.

(4:11CV00479)

> 5. The ALJ's decision is not based upon substantial evidence as based upon plaintiff's severe exertional and non-exertional impairments, she has been disabled from at least July 24, 2007.

ECF No. 13.  The Magistrate Judge issued a Report recommending that the Court affirm the Commissioner's decision denying Neider SSI benefits.  ECF No. 17 at 1.  Neider objected to the Report and Recommendation on two separate grounds.  Neider's first objection is that the Magistrate Judge incorrectly found that the ALJ's decision was supported by substantive evidence.  ECF No. 18.  Her second objection is that the Magistrate Judge incorrectly found that the ALJ's hypothetical question accurately portrayed all of Neider's limitations.  ECF No. 18.  For the reasons given herein, the Commissioner's decision is affirmed and the Magistrate Judge's Report and Recommendation is adopted to the extent it is not inconsistent with this opinion.

## II.  Legal Standard

### A.  Standard of Review

A district court is required to conduct a *de novo* review of the claimant's objections to a report and recommendation.  28 U.S.C. § 636(b)(1).  A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*.  Rather, a district court is limited to examining the entire administrative record to determine whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).  The substantial evidence standard requires more than a scintilla, but less than a

3

(4:11CV00479)

preponderance of the evidence. *Id*. In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor should a district court focus or base its decision on a single piece of evidence. Instead, a court must consider the record taken as a whole. See *Allen v. Califano*, 613 F.2d 139, 147 (6th Cir. 1980). The district court may, however, look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a different decision than the ALJ made. *Siterlet v. Sec. of Health and Human Servs*., 823 F.2d 918, 920 (6th Cir. 1987). It is a "well-established rule, however, that an agency's action may not be upheld on grounds other than those relied on by the agency." *National R.R. Passenger Corp. v. Boston & Maine Corp*., 503 U.S. 407, 420 (1992). A reviewing court is powerless to affirm an agency decision where the grounds communicated by the agency are inadequate or improper, or fail to articulate the grounds for the decision. *Burlington Truck Lines v. U.S.*, 371 U.S. 156, 169 (1962) (describing this tenet as a "simple but fundamental rule of administrative law"); *see also Berryhill v. Shalala*, Case No. 92-5876, 1993 WL 361792 at *7 (6th Cir. Sep. 16, 1993) (applying this rule in the Social Security context). Further, "even if supported by substantial evidence, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec*., 582 F.3d 647, 651 (6th Cir. 2009) (internal quotation omitted).

4

(4:11CV00479)

### B. Standard for Establishing Disability

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, Agency regulations provide a five-step sequential evaluation. If a claimant can be found disabled at any step of the sequential evaluation, the review ends. 20 C.F.R. § 404.1520(a)(4); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). During Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he seeks disability benefits. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Substantial work activity is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 416.972(a). Gainful work activity is work activity that is done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 416.972(b). In Step Two, the plaintiff must show that he "suffers from a severe impairment in order to warrant a finding of disability." *Colvin,* 475 F.3d at 730 (internal quotation marks omitted). An impairment is severe when it significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). In Step Three of the analysis, the ALJ determines whether the claimant has an impairment that satisfies the criteria of an

5

(4:11CV00479)

impairment listed in Appendix 1 and that also meets the durational requirement.  *See* 20 C.F.R. § Part 404 Subpart P, Appendix 1.  A claimant is deemed disabled if he has an impairment that meets both the listing and the duration requirement.  Before considering the fourth step, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), *i.e.*, the claimant's ability to perform physical and mental work on a sustained basis despite limitations from impairments.  At Step Four, the ALJ considers whether the claimant's RFC permits him to perform past relevant work, which is defined as substantial gainful activity performed within the past 15 years and lasted long enough for the claimant to learn to perform it.  20 C.F.R. § 416.960(b)(1).  The claimant bears the burden of proof at Steps One through Four.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).  At Step Five, however, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that fit the claimant's RFC and vocational profile.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

### III. Analysis

**A. Plaintiff's Objection Concerning Substantive Evidence Is Too General**

In her first objection, Plaintiff argues that the magistrate judge's recommendation is not supported by law.  In response to the magistrate judge's indication that Plaintiff failed to develop certain arguments in her Brief on the Merits (ECF No. 13), Plaintiff argues:  "Social Security/SSI briefs are under a page limitation.  Not all arguments that need to be addressed can be addressed within the page limitations imposed by the local rules.  As such, a number of issues had to be addressed simply due to the page limitation requirements."  ECF No. 18 at 1.

(4:11CV00479)

When reviewing a magistrate judge's report and recommendation, "[a] [district court] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the Report and Recommendation that are legitimately in contention. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate[] [judge's] recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Here, Plaintiff has not objected with any specificity to the Report and Recommendation's finding that the ALJ's decision is supported by substantial evidence. The only apparent argument that Plaintiff makes is that the page limitations imposed by the Local Civil Rules do not permit her to speak to "all arguments that need to be addressed." ECF No. 18 at 1. This is not a specific objection concerning a finding made in the Report and Recommendation. At best, it is a general objection accompanied by an excuse for its lack of specificity.

Local Rule 7.1(f) imposes page limitations on memoranda based upon the case's track assignment but contemplates the idea that page limitations may be modified by the Judicial

7

(4:11CV00479)

Officer when good cause is shown.  Social Security cases, such as this one, are assigned to the Administrative Track.  Minimally, the Local Rules permitted Plaintiff 15 pages for lodging objections.  Certainly, if Plaintiff truly found that the page limitation prevented her from adequately raising objections, the proper course of action would have been to file a motion with the Court seeking an expansion of the page limitation.   No such motion for enlargement was filed.  The objections before the Court span a mere three pages with the conclusion spilling over onto a fourth page.  The lack of text and the generality of that provided causes the Court to wonder if Plaintiff truly lacked the space within which to lodge her objections or lacked bases for objecting.

While not required to address the merits of a general objection, it is worth mentioning that the magistrate judge found Plaintiff's argument that the ALJ's decision is not based on substantial evidence to be without merit.  ECF No. 17 at 29.  The Report and Recommendation noted that every allegedly erroneous decision had in fact been supported with substantial evidence.  ECF No. 17 at 21-29.  Without a proper objection, the Court is not required to engage in *de novo* review of this finding.  See *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute does not on its face require any review at all, by . . . the district court . . . of any issue that is not the subject of an objection.").  Plaintiff's objection is overruled.

**B. The Hypothetical Question Accurately Portrays Plaintiff's Limitations**

In her second objection, Plaintiff argues the magistrate judge incorrectly concluded that the hypothetical question posed to the Vocational Expert accurately portrays the impairments of the Plaintiff.  In support of this argument, Plaintiff correctly states that the hypothetical question

8

(4:11CV00479)

must accurately portray all of a claimant's physical and mental limitations "without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992); *see also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

This principle, however, is subject to two caveats. First, accurate portrayal of a claimant's limitations does not require hypothetical questions to list each of the claimant's medical conditions. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Second, hypothetical questions need only incorporate the limitations that the ALJ has deemed credible. *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Hypothetical questions about a claimant's limitations must be supported by substantial evidence in the record. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) ("An ALJ may ask a vocational expert hypothetical questions, provided the question is supported by evidence in the record."). Conversely, an ALJ may decline to include limitations that are established by evidence the ALJ has determined is "not entitled to significant weight." *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3)). Thus, how to accurately portray the claimant's limitations in the hypothetical question is a decision left to the ALJ, which must be "supported by substantial evidence" and "made pursuant to proper legal standards." *Rogers*, 486 F.3d at 241.

Here, Plaintiff argues that the hypothetical question is an inaccurate portrayal of her limitations because the ALJ omitted a number of her medical conditions from the question. ECF

9

(4:11CV00479)

No. 18.  However, there is substantial evidence in the record that supports the conclusion that the ALJ's hypothetical is a complete and accurate portrayal of Plaintiff's limitations supported by substantial evidence.  The ALJ is not required by law to specifically list the medical conditions that the Plaintiff observes were omitted from the hypothetical question.  Webb, 368 F.3d at 633.  Additionally, there is substantial evidence in the record that supports the finding that the omitted medical conditions were considered by the ALJ while determining the Plaintiff's RFC.

Plaintiff first argues that the ALJ failed to include in his hypothetical a number of consequences of her diabetes.  Specifically, excluded were her inability to control her blood sugar levels without the assistance of an implanted insulin pump (ECF No. 12; (Tr. 764)) and the diagnosis of Irritable Bowel Syndrome ("IBS") that is allegedly related to diabetes.  ECF No. 12; (Tr. 771).  However, the ALJ noted in his decision that he considered Plaintiff's diabetes—including an implanted insulin pump and the difficulties Plaintiff had controlling her blood sugar levels—in determining her RFC.  ECF No. 12; (Tr. 18-19).  The record also reflects that Plaintiff's gastroenterologist opined that Metamucil has "helped substantially" with her IBS.  ECF No. 12; (Tr. 771).  Based upon this record, a reasonable mind could conclude that substantial evidence supports the ALJ's decision to omit Plaintiff's IBS from the hypothetical question as a separate limitation.  Richardson, 402 U.S. at 401.  The ALJ did not commit an error omitting it from the question.

Plaintiff also argues that the ALJ should have limited her bending and stooping at work because of her morbid obesity and back fusion surgery.  ECF. No. 18 at 2.  The ALJ considered both in his determination.  Specifically, the ALJ gave "due consideration to the claimant's

10

(4:11CV00479)

obesity in assessing the claimant's residual functional capacity and, in this case, limit[ed] the claimant to performance of light work." ECF No. 12; (Tr. 19).  The ALJ noted the fusion at L4-5, but also noted that the Plaintiff had told her surgeon in 2008 that her back pain had improved "60-70%" as a result of surgery.  ECF No. 12; (Tr. 18, 566).  The ALJ properly considered both of these conditions in determining the Plaintiff's RFC.

Plaintiff next argues that the ALJ "totally disregarded that in a work setting the plaintiff would be tearful and crying which would be disruptive to her work production and to the work production of the employees around her."  ECF No. 18 at 3.  While the ALJ observed the Plaintiff crying during the hearing, he noted that she had not taken medications the day of the hearing, and the crying did not affect the ability to answer questions posed to her.  ECF No. 12; (Tr. 19).  Additionally, the Plaintiff was able to successfully interact with coworkers during a job shadowing experience conducted as part of a vocational rehabilitation evaluation.  ECF No. 12; (Tr. 272).  The record also reflects that medication for treating the Plaintiff's depression has been found to be effective.  ECF No. 12; (Tr. 817).  It was not an error for the ALJ to omit Plaintiff's emotional distress from the hypothetical question.

Finally, Plaintiff argues that the ALJ erred by limiting the hypothetical question to no foot controls on the left foot when the Plaintiff's neuropathy makes walking difficult and that "[t]here is no way the plaintiff can do a job with the requirements needed for the standing and walking of light work."  ECF. No. 18 at 3-4.  The ALJ's decision reflects that he considered the Plaintiff's neuropathy (ECF No. 12; (Tr. 19)), and the fact that different prescribed medications have helped treat the condition.  ECF No. 12; (Tr. 572-78).  Further, it is clear from the record that the ALJ

11

(4:11CV00479)

supported his determination about the Plaintiff's neuropathy with substantial evidence. ECF No. 12; (Tr. 19). It is also clear that the ALJ not only considered Plaintiff's ability to walk in his determination, but also found "the record supports some additional restrictions on the claimant's ability to *stand*, *walk*, lift and carry." ECF No. 12; (Tr. 18) (emphasis added). The ALJ's decision about Plaintiff's foot controls is supported by substantial evidence. As such, the Court may not reverse this decision. *Siterlet*, 823 F.2d at 920.

The hypothetical question that the ALJ posed to the Vocational Expert is an accurate portrayal of Plaintiff's limitations and is supported by substantial evidence in the record. Neider's objection is overruled.

### IV. Conclusion

For the foregoing reasons, the Court affirms the Commissioner of Social Security's decision denying Neider's application for benefits. The Report and Recommendation (ECF No. 17) is adopted. The objections are overruled.

IT IS SO ORDERED.

 June 19, 2012                       */s/ Benita Y. Pearson*
Date                                  Benita Y. Pearson
                                      United States District Judge